TORGENSON LAW
John P. Torgenson (No. 023505)
Jon T. Drago (No. 034194)
333 W. Roosevelt St.
Phoenix, AZ 85003
Telephone: (602) 759-0012
Facsimile: (602) 429-8120
jtorgenson@torgensonlaw.com
jdrago@torgensonlaw.com

BRADY
Jonathan E. Lowy (pro hac vice granted)
Thomas P. Lane (pro hac vice motion to be filed)
840 First Street, N.E., Suite 400
Washington, DC 20002
Telephone: 202-370-8104
jlowy@bradyunited.org
tlane@bradyunited.org

*Attorneys for Plaintiff Carlos Daniel Travieso*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Daniel Travieso,<br><br>Plaintiff,<br><br>v.<br><br>GLOCK, Inc., a Georgia Corporation; GLOCK GmbH, an Austrian Corporation; ABC Firearm Dealer Corporation; 123 Firearm Distributor Corporation, and DOES 1-50<br><br>Defendants. | Case No.: 2:20-cv-00523-SMB<br><br>**PLAINTIFF'S MOTION TO CERTIFY THE CASE FOR APPEAL PURSUANT TO FED. R. CIV. P. 54(B)** |

1

**Plaintiff's Motion to Certify the Case for Appeal Pursuant to Fed. R. Civ. P. 54(b)**

Plaintiff respectfully requests that this Court exercise its discretion under Fed. R. Civ. P. 54(b) to certify the Court's order dated March 10, 2021 granting Defendant Glock, Inc.'s motion for dismissal (the "Order", Dkt. No. 38) as subject to immediate appeal to the Ninth Circuit because there is "no just reason for delay." Fed. R. Civ. P. 54(b). Plaintiff has sought consent for this motion from Defendant Glock, Inc.; Defendant opposes the motion. The reasons weighing in favor of such a certification are identified below.

I. The Order is a Partial Judgment to Which Fed. R. Civ. P. 54(b) Applies

As explored more fully in Plaintiff's contemporaneously filed Unopposed Motion to Reopen the Case as to Defendant Glock GmbH, the Order has been incorrectly interpreted as resolving all claims in the case. *See* Dkt. Nos. 39-40 (both dated March 11, 2021). However, in reality the only issue before the Court, and addressed by the parties, was Glock. Inc,'s motion to dismiss, the Order only granted the motion to dismiss brought only by Glock, Inc., and therefore only resolved claims as against Glock, Inc. Order at 25; *see also id*. at 1. Plaintiff has appropriately noticed an appeal of the current, nominal dismissal of all claims in the case to the United States Court of Appeals for the Ninth Circuit. However, if and when this Court reinstates Plaintiff's claims against Glock GmbH and reopens the case as to Glock GmbH, there will no longer be a full and final judgment as to all parties in the case. Thus, Fed. R. Civ. P. 54(b) will then apply.

II. This Court Has Authority Under Fed. R. Civ. P. 54(b) to Certify a Partial Judgment for Immediate Appeal and Should Exercise that Authority Here

This Court has discretionary power to certify that a ruling which disposes of some but not all claims in a case is subject to immediate appeal to the Ninth Circuit pursuant to Fed. R. Civ. P. 54(b). "[I]n deciding whether there are no just reasons to delay the appeal of individual final

1

judgments [under Fed. R. Civ. P. 54(b)] . . . a district court must take into account judicial administrative interests as well as the equities involved" – including "such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there [a]re subsequent appeals." *Curtiss-Wright Corp. v. General Elec. Co*., 446 U.S. 1, 8 (1980); *see also id*. at 9 (upholding district court's Fed. R. Civ. Pro. 54(b) certification where the district court found claims and non-adjudicated counterclaims to be "severable"). Other considerations include, but are not limited to, whether resolution of the certified claims might help encourage settlement of any claims not yet adjudicated (*Curtiss-Wright,* 446 U.S. at 8 n. 2) and whether certification may help "avoid unreasonable delay" in the resolution of claims. *AmerisourceBergen Corp. v. Dialysist West, Inc*., 465 F.3d 946, 954-955 (9th Cir. 2006) (affirming certification). This Court should balance relevant considerations against one another to the extent one or more considerations may weigh in opposite directions. *See Curtiss-Wright,* 446 U.S. at 8 n. 2.

Here, all relevant factors support a grant of Fed. R. Civ. P. 54(b) certification. The issues involved in assessing the viability of claims as against Glock, Inc. and Glock GmbH are entirely separable. The Order that is being appealed solely addressed the applicability and constitutionality of PLCAA in assessing whether PLCAA barred claims against Glock, Inc. Glock GmbH, upon information and belief, cannot claim any protection under PLCAA, so any appeal concerning Glock GmbH cannot address the PLCAA issues in the istant appeal. This is because, upon information and belief, Glock GmbH does not have a license from the United States to make, import or sell firearms and, therefore, is not a "manufacturer" or "seller" to whom PLCAA applies. *See* 15 U.S.C. § 7903(2), (5), (6). Certification of this Court's rulings on

- 2 -

PLCAA for immediate appeal to the Ninth Circuit creates no risk that an "appellate court would have to decide the same issues more than once even if there [a]re subsequent appeals" from later rulings on non-PLCAA issues in the case against Glock GmbH. *Curtiss-Wright*, 446 U.S. at 8.

In contrast, *not* granting the Fed. R. Civ. P. 54(b) certification would create *exactly* this risk of judicial inefficiency through duplicative litigation. A lack of certification will likely result in two similar trials – one against Glock GmbH, then another against Glock, Inc. – if Plaintiff prevails in its appeal of this Court's rulings dismissing Glock, Inc. While the appeal of Glock Inc.'s dismissal is pending, Plaintiff will litigate, and ultimately try claims against Glock GmbH, that will concern whether failure to include a magazine disconnect safety or other reasonable safeguards in the firearm at issue rendered it defective and/or negligently designed under principles of Arizona product liability law, and to what extent Glock GmbH is liable for Plaintiff's injuries. Should the Ninth Circuit reverse one or both of this Court's rulings in the Order regarding PLCAA's applicability and constitutionality, then Plaintiff will repeat virtually identical litigation against Glock, Inc., and this Court will conduct another trial applying exactly the same Arizona product liability principles to exactly the same facts in the trial on Plaintiff's similar claims against Glock, Inc. Such trials would also include many of the same witnesses and experts. Any appeals from these two separate trials, on liability, damages, evidence or other issues, would, necessarily, result in the Ninth Circuit "hav[ing] to decide the same issues more than once" in different appellate proceedings. *Curtiss-Wright*, 446 U.S. at 8.

That duplication and inefficiency can be avoided through certification to allow for an immediate appeal that will determine whether claims against Glock, Inc. are barred by PLCAA. Indeed, granting certification so as to allow for immediate appellate resolution of whether PLCAA bars the claims against Glock, Inc. will help to "avoid unreasonable delay" in the

adjudication of the merits of Plaintiff's similar Arizona product liability claims against both Glock, Inc. and Glock GmbH should the Ninth Circuit overturn either or both of this Court's PLCAA rulings.  *See AmerisourceBergen,* 465 F.3d at 954-955.

Further, because the Arizona product liability claims against both Glock, Inc. and Glock GmbH are so similar, there is a strong chance that resolution of the issue of whether PLCAA applies to the claims against Glock, Inc. will enable discovery and motions practice which may also help lead to resolution of the claims against Glock GmbH.  *See Curtiss-Wright,* 446 U.S. at 8 n. 2.

If Plaintiff prevails on appeal, then this Court will preside over one trial, with Glock, Inc. and Glock GmbH as defendants facing similar claims.  This will halve the Court's time spent on this case and will also halve the costs to the parties.

III.  Conclusion

For all of the reasons identified above, this Court should grant Plaintiff's proposed motion (attached as Exhibit A) granting the requested Fed. R. Civ. Pro. 54(b) certification.


Dated April 26, 2021

                                                  By: /s/ John P. Torgenson
John P. Torgenson (No. 023505)
Jon T. Drago (No. 034194)
TORGENSON LAW
333 W. Roosevelt St.
Phoenix, AZ 85003
T: 602-759-0012
jtorgenson@torgensonlaw.com
jdrago@torgensonlaw.com


Jonathan E. Lowy (*admitted pro hac vice*)
Thomas P. Lane
BRADY
840 First Street, N.E.

- 4 -

|   |   |
|---|---|
| 1 | Suite 400 |
| 2 | Washington, DC 20002<br>T: 202-370-8104 |
| 3 | jlowy@bradyunited.org<br>tlane@bradyunited.org<br>*Attorneys for Plaintiff* |

**CERTIFICATE OF SERVICE**

I certify that on the 26th day of April 2021, I electronically transmitted a PDF version of this document to the Office of the Clerk of the Court, using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants listed for this matter.

Dated April 26, 2021

By: /s/ John P. Torgenson
John P. Torgenson (No. 023505)
Jon T. Drago (No. 034194)
TORGENSON LAW
333 W. Roosevelt St.
Phoenix, AZ 85003
T: 602-759-0012
jtorgenson@torgensonlaw.com
jdrago@torgensonlaw.com

Jonathan E. Lowy (*admitted pro hac vice*)
Thomas P. Lane
BRADY
840 First Street, N.E.
Suite 400
Washington, DC 20002
T: 202-370-8104
jlowy@bradyunited.org
tlane@bradyunited.org
*Attorneys for Plaintiff*