Paul G. Cereghini (Bar No. 009641)
Jeffrey C. Warren (Bar No. 021383)
Amanda E. Heitz (Bar No. 026519)
**BOWMAN AND BROOKE LLP**
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, AZ 85012-2761
Telephone: (602) 643-2300
paul.cereghini@bowmanandbrooke.com
jeffrey.warren@bowmanandbrooke.com
amanda.heitz@bowmanandbrooke.com

John F. Renzulli (*admitted pro hac vice*)
Christopher Renzulli (*admitted pro hac vice*)
Peter V. Malfa (*admitted pro hac vice*)
Scott C. Allan (*admitted pro hac vice*)
**RENZULLI LAW FIRM, LLP**
One North Broadway, Suite 1005
White Plains, NY 10601
Telephone: (914) 285-0700
jrenzulli@renzullilaw.com
crenzulli@renzullilaw.com
pmalfa@renzullilaw.com
sallan@renzullilaw.com

Attorneys for Defendant Glock Ges.m.b.H.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carlos Daniel Travieso,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GLOCK, Inc., a Georgia Corporation; GLOCK GmbH, an Austrian Corporation; ABC Firearm Dealer Corporation; 123 Firearm Distributor Corporation, and DOES 1-50,<br><br>　　　　　Defendants. | No. 2:20-cv-00523-SMB<br><br>**DEFENDANT GLOCK Ges.m.b.H.'s NOTICE OF NONPARTIES AT FAULT** |

　　　　Defendant Glock Ges.m.b.H. hereby gives notice that the following individuals and entities not parties to this action are wholly or partially at fault for causing the alleged incident, plaintiff's alleged injuries, and alleged damages. Glock Ges.m.b.H. submits this notice pursuant to Rule 26(b)(5) of the Arizona Rules of Civil Procedure, and Arizona Revised Statutes Sections 12-2505 and 12-2506. *See also Wester v. Crown Controls Corp.*, 974 F.

Supp. 1284, 1288 (D. Ariz. 1996) (holding that Rule 26(b)(5) of the Arizona Rules of Civil Procedure applies in a federal diversity case).

At this time, Glock Ges.m.b.H. identifies the following nonparties it alleges are at fault for plaintiff's alleged injuries:

1. **Christian Barajas**. Christian Barajas is at fault for leaving the Glock Model 19 Gen5 9mm semi-automatic pistol ("Subject Pistol") fully loaded with a live round in the chamber between the console and front passenger seat of the pick-up truck in which he was transporting plaintiff and three minors on March 17, 2018. He is also at fault for leaving the plaintiff and the three minors alone and unsupervised in his vehicle with the Subject Pistol fully loaded and easily accessible to them. The actions of Christian Barajas violated several criminal laws including 18 U.S.C. § 922(x)(2)(A), Ariz. Rev. Stat. § 13-3111(A); and Ariz. Rev. Stat. § 13-1201(A), in addition to constituting negligence, gross negligence and recklessness.

2. **C.M.T.** C.M.T., is at fault for handling the Subject Pistol without the permission of its owner on March 17, 2018, failing to personally ensure that it was unloaded, pointing the Subject Pistol at the back of the front passenger seat of the pick-up truck in which plaintiff was sitting, and intentionally pulling the trigger. The actions of C.M.T. violated several criminal laws including 18 U.S.C. § 922(x)(2)(A), Ariz. Rev. Stat. § 13-3111(A); Ariz. Rev. Stat. § 13-1201(A); Ariz. Rev. Stat. § 13-1203(A)(1); and Ariz. Rev. Stat. §§ 13-1204(A)(1) & (2), in addition to constituting negligence, gross negligence and recklessness.

3. **The Church of Jesus Christ of Latter Day Saints.** The Church of Jesus Christ of Latter Day Saints is at fault for allowing its volunteer, Christian Barajas, to transport plaintiff and three minors home from the church-sponsored camping trip on March 17, 2018, despite having knowledge that he was keeping the Subject Pistol fully loaded and unsecured in the pick-up truck in which he was to be transporting them. The Church of Jesus Christ of Latter Day Saints is also

1 | liable for failing to arrange to safely transport plaintiff home after the church-
2 | sponsored camping trip.

3 Fact discovery in this case is ongoing, and Glock Ges.m.b.H reserves the right, pursuant to A.R.S. § 12-2506(B), to identify additional nonparties who may be at fault for causing or contributing to plaintiff's injuries, as well as to identify additional bases upon which a jury could apportion fault to Christian Barajas, C.M.T., and/or The Church of Jesus Christ of Latter Day Saints.

DATED this 16th day of December, 2021.

**BOWMAN AND BROOKE LLP**

By: *s/ Amanda E. Heitz*
Paul G. Cereghini
Jeffrey C. Warren
Amanda E. Heitz

and

**RENZULLI LAW FIRM, LLP**
John F. Renzulli (*admitted pro hac vice*)
Christopher Renzulli (*admitted pro hac vice*)
Peter V. Malfa (*admitted pro hac vice*)
Scott C. Allan (*admitted pro hac vice*)

Attorneys for Defendant Glock Ges.m.b.H.

**ORIGINAL** e-filed
this 16th day of December, 2021.

**COPY** of the foregoing emailed
this 16th day of December, 2021, to:

John P. Torgenson, Esq.
Jon T. Drago, Esq.
TORGENSON LAW
333 W. Roosevelt St.
Phoenix, AZ 85003
jtorgenson@torgensonlaw.com
jdrago@tordensonlaw.com

and

Jonathan E. Lowy, Esq. (*admitted pro hac vice*)
BRADY
840 First Street, N.E., Suite 400

25542376v1

| | |
|---|---|
| 1 | Washington, DC 20002<br>jlowy@bradyunited.org |
| 2 | |
| 3 | Attorneys for Plaintiff |
| 4 | By: *s/ Kelly Brubaker* |

4