Paul G. Cereghini (Bar No. 009641)
Jeffrey C. Warren (Bar No. 021383)
Amanda E. Heitz (Bar No. 026519)
**BOWMAN AND BROOKE LLP**
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, AZ 85012-2761
Telephone: (602) 643-2300
paul.cereghini@bowmanandbrooke.com
jeffrey.warren@bowmanandbrooke.com
amanda.heitz@bowmanandbrooke.com

John F. Renzulli (*admitted pro hac vice*)
Christopher Renzulli (*admitted pro hac vice*)
Scott C. Allan (*admitted pro hac vice*)
Peter V. Malfa (*admitted pro hac vice*)
**RENZULLI LAW FIRM, LLP**
One North Broadway, Suite 1005
White Plains, NY 10601
Telephone: (914) 285-0700
jrenzulli@renzullilaw.com
crenzulli@renzullilaw.com
sallan@renzullilaw.com
pmalfa@renzullilaw.com

Attorneys for Defendant Glock Ges.m.b.H.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Daniel Travieso,<br><br>Plaintiff,<br><br>vs.<br><br>GLOCK, Inc., a Georgia Corporation;<br>GLOCK GmbH, an Austrian Corporation;<br>ABC Firearm Dealer Corporation; 123<br>Firearm Distributor Corporation, and DOES<br>1-50,<br><br>Defendants. | No. 2:20-cv-00523-SMB<br><br>**DEFENDANT GLOCK Ges.m.b.H. 'S MOTION FOR LEAVE TO FILE ITS MOTION TO COMPEL, AMEND THE SCHEDULING ORDER, AND FOR LEAVE TO FILE AN AMENDED ANSWER UNDER SEAL**<br><br>(Assigned to the Honorable Susan M. Brnovich) |

Pursuant to Local Civil Rule 5.6, defendant Glock Ges.m.b.H. respectfully moves for leave to file under seal its motion to compel, amend the scheduling order, and for leave to file an amended answer ("Motion to Compel").

/ / /

/ / /

I.        **BACKGROUND**

During a February 25, 2022 hearing, this Court ordered plaintiff to produce a copy of a settlement agreement he had entered into with a third party arising from the same incident at issue in this case.  See Doc. No. 66.  Plaintiff produced a copy of that settlement agreement, which he designated as Confidential pursuant to the November 19, 2021 Stipulated Protective Order (Doc. No. 62) ("Protective Order").  The third party with which plaintiff had entered into the settlement agreement subsequently produced documents regarding its settlement with plaintiff, which it also designated as Confidential pursuant to the Protective Order.

Glock Ges.m.b.H.'s Motion to Compel attaches copies of these documents and also quotes from them and discusses their substance in detail in the motion itself. Pursuant to Section 14 of the Protective Order:

> If any party seeks to offer "Confidential Documents" or "Confidential Testimony" during pretrial proceedings, trial, or post-trial proceedings, it must request that the Court file such documents or portions thereof in compliance with Federal Rule of Civil Procedure 5.2(c). This provision applies to both "Confidential Documents" and "Confidential Testimony," and any papers filed with the Court in this action, which attach, include, or summarize any such "Confidential Documents" or "Confidential Testimony."

Local Civil Rule 5.6(d) provides that:

> Unless otherwise ordered by the Court, if a party wishes to file a document that has been designated as confidential by another party pursuant to a protective order or confidentiality agreement, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must confer with the designating party about the need to file the document (or proposed filing) under seal and whether the parties can agree on a stipulation seeking to have the document (or proposed filing) filed under seal.

As required by Local Civil Rule 5.6(d), Glock Ges.m.b.H. contacted counsel for plaintiff and the third party to determine whether they want the Motion to Compel to be filed under seal. Counsel for plaintiff did not provide a substantive response. Counsel for the third party advised that it wants the Motion to Compel to be filed under seal.

/ / /

2

1 | **II.      ARGUMENT**

2     Local Civil Rule 5.6 provides that the Court "may order the sealing of any document

3 pursuant to a motion . . . ."  There is good cause to justify filing the Motion to Compel under

4 seal.  It was entered into between plaintiff and a third party who is not a party to this case, and

5 provides that it is to be kept confidential.  The settlement agreement and documents related to

6 it were designed as Confidential pursuant to the Protective Order.  Although plaintiff produced

7 the settlement agreement in response to this Court's February 25, 2022 Order, counsel for the

8 third party had advised that it also wants the settlement agreement to be treated as Confidential

9 pursuant to the Protective Order and has specifically advised that it wants the Motion to Compel

10 to be filed under seal.

11     Settlement agreements, particularly in disputes that are informally resolved outside of

12 litigation, are traditionally kept secret.  For purposes of a non-dispositive motion, such as a

13 motion to compel, a party need only satisfy the "good cause" requirement pursuant to Rule

14 26(c) of the Federal Rules of Civil Procedure to justify filing under seal.  *Kamakana v. City*

15 *and County of Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006).  *See also Haeger v. Goodyear*

16 *Tire & Rubber Company*, No. CV-05-02046-PHX-GMS, 2018 WL 3872194 at *3 (D. Ariz.

17 Aug. 15, 2018) (discussing the good cause standard necessary to seal in connection with non-

18 dispositive motions).

19     The Motion to Compel quotes from, and extensively discusses, certain provisions in the

20 Settlement Agreement, as well as documents that the third party produced in response to Glock

21 Ges.m.b.H.'s subpoena.  The third party entered into the settlement agreement with the

22 expectation that it would remain private, and bargained for such confidentiality. Good cause

23 therefore exists to file the Motion to Compel under seal. As required by Local Civil Rule

24 5.6(c)(1), a copy of the Motion to Compel and the exhibits to it are being separately lodged in

25 electronic format.  A proposed order granting leave to file the Motion to Compel under seal is

26 attached hereto.

27 / / /

28

III.   **<u>CONCLUSION</u>**

For the above reasons, Glock Ges.m.b.H. respectfully requests that this Court grant its motion for leave to file its Motion to Compel under seal, and grant such other relief as it deems just and proper.

DATED this 31st day of March, 2022.

**BOWMAN AND BROOKE LLP**

By: /s/ *Amanda E. Heitz*
Paul G. Cereghini
Jeffrey C. Warren
Amanda E. Heitz

and

**RENZULLI LAW FIRM, LLP**
John F. Renzulli (*admitted pro hac vice*)
Christopher Renzulli (*admitted pro hac vice*)
Scott C. Allan (*admitted pro hac vice*)
Peter V. Malfa (*admitted pro hac vice*)

Attorneys for Defendant Glock Ges.m.b.H.

4

# CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March, 2021, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

John P. Torgenson, Esq.
Jon T. Drago, Esq.
TORGENSON LAW
333 W. Roosevelt St.
Phoenix, AZ 85003
Telephone: (602) 759-0012
jtorgenson@torgensonlaw.com
jdrago@tordensonlaw.com

and

Jonathan E. Lowy, Esq. (*admitted pro hac vice*)
BRADY
840 First Street, N.E., Suite 400
Washington, DC 20002
Telephone: (202) 370-8104
jlowy@bradyunited.org
Attorneys for Plaintiff

By: */s/ Amanda E. Heitz*