Paul G. Cereghini (Bar No. 009641)
Jeffrey C. Warren (Bar No. 021383)
Amanda E. Heitz (Bar No. 026519)
**BOWMAN AND BROOKE LLP**
Suite 1600, Phoenix Plaza
2901 North Central Avenue
Phoenix, AZ 85012-2761
Telephone: (602) 643-2300
Facsimile:  (602) 248-0947
paul.cereghini@bowmanandbrooke.com
jeffrey.warren@bowmanandbrooke.com
amanda.heitz@bowmanandbrooke.com
Minute Entries: mme@phx.bowmanandbrooke.com

John F. Renzulli (*admitted pro hac vice*)
Christopher Renzulli (*admitted pro hac vice*)
Scott C. Allan (*admitted pro hac vice*)
Peter V. Malfa (*admitted pro hac vice*)
**RENZULLI LAW FIRM, LLP**
One North Broadway, Suite 1005
White Plains, NY 10601
Telephone: (914) 285-0700
Facsimile:  (914) 285-1213
jrenzulli@renzullilaw.com
crenzulli@renzullilaw.com
sallan@renzullilaw.com
pmalfa@renzullilaw.com

Attorneys for Defendant Glock Ges.m.b.H.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carlos Daniel Travieso,<br><br>  Plaintiff,<br><br>  vs.<br><br>GLOCK, Inc., a Georgia Corporation; GLOCK GmbH, an Austrian Corporation; ABC Firearm Dealer Corporation; 123 Firearm Distributor Corporation, and DOES 1-50,<br><br>  Defendants. | No. 2:20-cv-00523-SMB<br><br>**JOINT MOTION TO AMEND THE CASE MANAGEMENT ORDER (First Request)**<br><br>(Assigned to the Honorable Susan M. Brnovich) |

Plaintiff Carlos Daniel Travieso and Defendant Glock Ges.m.b.H. respectfully move to amend the Case Management Order to extend the deadline for the completion of fact discovery and the remaining deadlines.  Plaintiff has also advised that although he does not believe the settlement agreement provides Defendants with a defense, he does not oppose Glock

Ges.m.b.H.'s request in its April 27, 2022 motion to compel (Doc. No. 77) to extend the deadline to amend the pleadings to allow Glock Ges.m.b.H. to file the proposed amended answer attached to that motion. Glock Ges.m.b.H. therefore requests that such aspect of its April 27, 2022 motion be granted as unopposed.

This Court entered a Case Management Order (Doc. No. 56) on September 16, 2021. The Case Management Order set the deadline for the completion of fact discovery as June 24, 2022. The parties respectfully request that this Court amend the Case Management Order to extend the deadline to complete fact discovery and the remaining deadlines by approximately six months.

Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." The Ninth Circuit has noted that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating that it is proper to amend the deadlines in the scheduling order if they "cannot reasonably be met despite the diligence of the party seeking the extension"). The advisory committee's note to the 1983 amendment to Rule 16(b) states that the good cause standard is "more appropriate than a 'manifest injustice' or 'substantial hardship' test. Otherwise, a fear that extensions will not be granted may encourage counsel to request the longest possible periods for completing pleading, joinder, and discovery."

In the present case, good cause exists to amend the deadline in the Scheduling Order to complete fact discovery. This extension is being jointly sought by both parties. Despite having acted diligently, the parties are unable to complete fact discovery by the June 24, 2022 deadline.

A discovery dispute initially arose between the parties in December 2021, related to plaintiffs' claims against the Church of Jesus Christ of Latter Day Saints ("Church") arising from the same incident at issue in this case. The parties were unable to resolve this dispute through a meet and confer and therefore informally raised it with the Court pursuant to the instructions in Section 5 of the Case Management Order. This Court held a hearing on February 25, 2022 in which part of the discovery dispute was resolved. This Court directed the parties

to further meet and confer on related discovery and authorized Glock Ges.m.b.H. to file a motion to compel on that issue if a resolution could not be reached.

The parties were unable to resolve this related discovery dispute and Glock Ges.m.b.H. prepared a motion to compel.  Due to the nature of the discovery sought in the motion to compel, Glock Ges.m.b.H. was required to file a motion for leave to file the motion to compel under seal.  The motion for leave to file under seal was filed on March 31, 2022  (Doc. No. 73), and this Court entered an Order granting it on April 27, 2022 (Doc. No. 76).  Plaintiff filed a motion for an extension until May 27, 2022 to respond to the motion to compel (Doc. No. 78), which this Court granted in an order dated May 9, 2022 (Doc. No. 79).  On May 27, 2022, Plaintiff filed a Notice to the Court of Potential Resolution of Motion to Compel Without Judicial Intervention (Doc. No. 80).  Plaintiff is working in good faith to produce the supplemental discovery in a timely fashion, but production has not yet commenced.

In addition, this is a product liability case involving a Glock pistol, which is currently in the possession of the Payson Police Department.  Due to expert scheduling issues, the parties have not yet been able to inspect the Glock pistol and related evidence.  The parties were originally scheduled to conduct an inspection of the Glock pistol and related evidence on December 7, 2021. That inspection had to be cancelled because of a medical issue involving one of defendant's experts.  The inspection was later rescheduled for May 24, 2022, but had to be cancelled because of an issue with plaintiff's expert.  The parties are still working to reschedule a date for this inspection

For the Court's convenience, the following is a chart listing the remaining activities in the Case Management Order, the current deadlines, and the parties' proposed amended deadlines:

| Activity | Current Deadline | Proposed Deadline |
|---|---|---|
| Fact discovery deadline | June 24, 2022 | December 16, 2022 |
| Plaintiff's expert reports due | August 19, 2022 | February 17, 2023 |
| Defendant's expert reports due | October 14, 2022 | April 14, 2023 |

3

| | | |
|---|---|---|
| Plaintiff's rebuttal expert reports due | October 28, 2022 | April 28, 2023 |
| Deadline for expert depositions | December 16, 2022 | June 16, 2023 |
| In-person settlement discussions | January 13, 2023 | July 14, 2023 |
| Report re: settlement discussions | January 18, 2023 | July 21, 2023 |
| Summary judgment motions due | February 17, 2023 | August 18, 2023 |

For the above reasons, Plaintiff Carlos Daniel Travieso and Defendant Glock Ges.m.b.H. respectfully request that this Court grant their joint motion to amend the Case Management Order, and grant such other relief as it deems just and proper, and Glock Ges.m.b.H. requests that this Court grant its unopposed motion to extend the deadline to amend the pleadings, and for leave to file its proposed amended answer.

DATED this 7th day of June, 2022.

**BOWMAN AND BROOKE LLP**

By: */s/ Amanda E. Heitz*
Paul G. Cereghini
Jeffrey C. Warren
Amanda E. Heitz

and

**RENZULLI LAW FIRM, LLP**
John F. Renzulli (*admitted pro hac vice*)
Christopher Renzulli (*admitted pro hac vice*)
Scott C. Allan (*admitted pro hac vice*)
Peter V. Malfa (*admitted pro hac vice*)

Attorneys for Defendant Glock Ges.m.b.H.

**TORGENSON LAW**
John P. Torgenson
Jon T. Drago
333 W. Roosevelt St.
Phoenix, AZ 85003
Telephone: (602) 759-0012
Facsimile:  (602) 429-8120
jtorgenson@torgensonlaw.com
jdrago@tordensonlaw.com

and

**BRADY**

4

| | |
|---|---|
| 1 | Jonathan E. Lowy, Esq. (*admitted pro hac vice*) |
| 2 | 840 First Street, N.E., Suite 400 |
| | Washington, DC 20002 |
| 3 | Telephone: (202) 370-8104 |
| | jlowy@bradyunited.org |
| 4 | |
| | Attorneys for Plaintiff Carlos Daniel |
| 5 | Travieso |

**ORIGINAL** e-filed this 7th day of June, 2022.

By: */s/ Amanda E. Heitz*