1 | Paul G. Cereghini (Bar No. 009641)
  | Jeffrey C. Warren (Bar No. 021383)
2 | Amanda E. Heitz (Bar No. 026519)
  | **BOWMAN AND BROOKE LLP**
3 | Suite 1600, Phoenix Plaza
  | 2901 North Central Avenue
4 | Phoenix, AZ 85012-2761
  | Telephone: (602) 643-2300
5 | Facsimile:  (602) 248-0947
  | paul.cereghini@bowmanandbrooke.com
6 | jeffrey.warren@bowmanandbrooke.com
  | amanda.heitz@bowmanandbrooke.com
7 | Minute Entries: mme@phx.bowmanandbrooke.com

8 | John F. Renzulli (*admitted pro hac vice*)
  | Christopher Renzulli (*admitted pro hac vice*)
9 | Peter V. Malfa (*admitted pro hac vice*)
  | Scott C. Allan (*admitted pro hac vice*)
10 | **RENZULLI LAW FIRM, LLP**
   | One North Broadway, Suite 1005
11 | White Plains, NY 10601
   | Telephone: (914) 285-0700
12 | Facsimile:  (914) 285-1213
   | jrenzulli@renzullilaw.com
13 | crenzulli@renzullilaw.com
   | pmalfa@renzullilaw.com
14 | sallan@renzullilaw.com

15 | Attorneys for Defendant Glock Ges.m.b.H.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carlos Daniel Travieso,<br><br>Plaintiff,<br><br>vs.<br><br>GLOCK, Inc., a Georgia Corporation; GLOCK GmbH, an Austrian Corporation; ABC Firearm Dealer Corporation; 123 Firearm Distributor Corporation, and DOES 1-50,<br><br>Defendants. | No. 2:20-cv-00523-SMB<br><br>**Defendant Glock Ges.m.b.H.'s Unopposed Motion for Leave to File Its Motion for Summary Judgment Under Seal**<br><br>(Assigned to the Honorable Susan M. Brnovich) |

Pursuant to Local Civil Rule 5.6, defendant Glock Ges.m.b.H. respectfully moves for leave to file its Motion for Summary Judgment and accompanying Separate Statement of Undisputed Material Facts under seal.

## I. BACKGROUND

Glock Ges.m.b.H.'s Motion for Summary Judgment is based entirely upon the interpretation of a confidential settlement agreement between Plaintiff and a third party, and includes materials related to the formation and interpretation of that agreement. This Court had previously ordered Plaintiff to produce a copy of that settlement agreement (Doc. No. 66) which Plaintiff designated as Confidential pursuant to the November 19, 2021 Stipulated Protective Order (Doc. No. 62) ("Protective Order"). The third party with which Plaintiff had entered into the settlement agreement subsequently produced documents regarding its settlement with Plaintiff, which it also designated as Confidential pursuant to the Protective Order.

Glock Ges.m.b.H. subsequently filed a Motion to Compel production of additional documents related to Plaintiff's claim against the third party and the subject settlement. Based upon the terms of the Stipulated Protective Order and arguments set forth in Glock Ges.m.b.H.'s Motion for Leave to File Under Seal (Doc. No. 62), this Court found that there was "good cause" to file the Motion to Compel under seal. (Doc. No. 76). In response to the Motion to Compel, Plaintiff and the third party have produced additional materials related to the settlement agreement that have been designated as Confidential. Copies of the settlement agreement, as well as the additional documents discussing the settlement agreement that were produced as confidential pursuant to the Stipulated Protective Order, are attached as exhibits to Glock Ges.m.b.H.'s Motion for Summary Judgment and referenced throughout the motion. Pursuant to Section 14 of the Protective Order:

> If any party seeks to offer "Confidential Documents" or "Confidential Testimony" during pretrial proceedings, trial, or post-trial proceedings, it must request that the Court file such documents or portions thereof in compliance with Federal Rule of Civil Procedure 5.2(c). This provision applies to both "Confidential Documents" and "Confidential Testimony," and any papers filed with the Court in this action, which attach, include, or summarize any such "Confidential Documents" or "Confidential Testimony."

Local Civil Rule 5.6(d) provides that:

> Unless otherwise ordered by the Court, if a party wishes to file a document that has been designated as confidential by another party pursuant to a protective order or confidentiality agreement, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must confer with the designating party about the need to file the document (or

proposed filing) under seal and whether the parties can agree on a stipulation seeking to have the document (or proposed filing) filed under seal.

As required by Local Civil Rule 5.6(d), Glock Ges.m.b.H. contacted counsel for Plaintiff and the third party to determine whether they want the Motion for Summary Judgment to be filed under seal. Counsel for the third party previously requested that any filings related to the settlement agreement be filed under seal. Counsel for Plaintiff does not oppose the Motion for Leave to File Under Seal. A copy of the Motion for Summary Judgment and accompanying Separate Statement of Undisputed Material Facts is being served on counsel for Plaintiff.

**II.     ARGUMENT**

Local Civil Rule 5.6 provides that the Court "may order the sealing of any document pursuant to a motion . . . ." There are compelling reasons to file the Motion for Summary Judgment under seal. Glock Ges.m.b.H.'s Motion for Summary Judgment turns entirely on the text of a confidential settlement agreement and is bolstered by parol evidence relating to the negotiation and execution of this confidential settlement agreement. The settlement agreement was entered into between Plaintiff and a third party, and the settlement agreement provides that it is to be kept confidential. In particular, the third party relied upon the confidentiality terms in agreeing to the settlement. As such, public filing of the settlement agreement will essentially void the confidentiality provisions and violate the contractual rights of a party not involved in this dispute. The settlement agreement and documents related to it were designated as Confidential pursuant to the Protective Order and counsel for the third party has specifically advised that it wants any filings referencing its identity and/or related to the terms of the settlement agreement to be filed under seal.

The general preference for public disclosure of judicial records and documents is "stronger for dispositive motions than non-dispositive because dispositive motions may resolve the dispute in lieu of trial." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, this preference is still overcome where a party demonstrates "compelling reasons" to seal a dispositive motion or its exhibits. *Id*. at *1179. Under the "compelling reasons" standard, the party seeking to seal bears the burden of "articulat[ing] compelling

reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.*

Settlement agreements, particularly in disputes that are informally resolved outside of litigation, are traditionally kept secret. This court has recognized that confidential settlement agreements "[b]enefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties. Sound judicial policy fosters and protects this form of alternative dispute resolution ... [and] the secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court protection." *Gamble v. Arpaio*, No. CV-12-790-PHX-GMS, 2013 WL 142260, at *3 (D. Ariz. Jan. 11, 2013) (quoting *Kalinauskas v. Wong*, 151 F.R.D. 363, 365–67 (D.Nev.1993)).

Courts that have denied motions to seal dispositive motions based solely on the confidentiality provision of a settlement agreement have done so when the parties to the underlying settlement agreement are the ones litigating the agreement. *Tapestry on Cent. Condo. Ass'n v. Liberty Ins. Underwriters Inc.*, No. CV-19-01490-PHX-MTL, 2020 WL 5632140, at *2 (D. Ariz. Sept. 21, 2020); *Alcaide v. Thomas*, No. CV-11-01162-JAT-JFM, 2015 WL 6087560, at *3 (D. Ariz. Oct. 16, 2015); *El Paso Natural Gas Co. v. Southwest Forest Products, Inc.*, 2008 WL 4808892 (D. Ariz. Oct. 28, 2008); *see also Gamble*, 2013 WL 142260, at *5 (no compelling reason to seal settlement agreement from prior litigation between the parties).

Here, the settlement agreement is between Plaintiff and a third party that is not involved in this litigation. The third party entered into the settlement agreement with the expectation that it would remain private, and bargained for such confidentiality by the terms of the agreement and compensation paid. The third party has continued to protect the confidentiality of the settlement agreement after it became a central issue in this case. The Motion for Summary Judgment extensively discusses certain provisions in the settlement agreement, including the terms and amount of compensation paid, as well as documents discussing the terms of the

settlement agreement as exhibits. As such, protecting the confidentiality interests of a party not involved in this dispute serves as a compelling reason to seal Glock Ges.m.b.H.'s Motion for Summary Judgment and Separate Statement of Undisputed Material Facts. *See TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 4947343, at *5 (D. Ariz. Oct. 18, 2011), on reconsideration, 2011 WL 5190264 (D. Ariz. Nov. 1, 2011) (there were compelling reasons to seal records, including confidential settlement agreements, that "implicate the confidentiality of parties not involved in the current case"). Without the confidentiality provision, the dispute between Plaintiff and the third party may not have been informally resolved without the need for litigation. Not allowing a confidential settlement agreement to be filed under seal in litigation in which one of the signatories of the settlement agreement is a not a party and therefore cannot do anything to prevent the need for a court to interpret that settlement agreement could also disincentivize informal dispute resolution. In contrast to these compelling interests in allowing the discussion of the settlement agreement in the Motion for Summary Judgment to be filed under seal, there is almost no interest in having that information publicly available. This is a private lawsuit that does not have any public interest implications.

As required by Local Civil Rule 5.6(c)(1), a copy of the Motion for Summary Judgment and the exhibits to it are being separately lodged in electronic format. A proposed order granting leave to file the Motion for Summary Judgment and Separate Statement of Undisputed Material Facts under seal is attached hereto.

. . .

. . .

. . .

. . .

. . .

. . .

| | |
|---|---|
| 1 | **III.  CONCLUSION** |
| 2 | For the above reasons, Glock Ges.m.b.H. respectfully requests that this Court grant its |
| 3 | motion for leave to file its Motion for Summary Judgment and Statement of Undisputed Material |
| 4 | Facts under seal, and grant such other relief as it deems just and proper. |
| 5 | DATED this 22nd day of November, 2022. |

                                        **BOWMAN AND BROOKE LLP**

                                        By: /s/ *Amanda E. Heitz*
                                            Paul G. Cereghini
                                            Jeffrey C. Warren
                                            Amanda E. Heitz

                                        and

                                        **RENZULLI LAW FIRM, LLP**
                                        John F. Renzulli (*admitted pro hac vice*)
                                        Christopher Renzulli (*admitted pro hac vice*)
                                        Peter V. Malfa (*admitted pro hac vice*)
                                        Scott C. Allan (*admitted pro hac vice*)

                                        Attorneys for Defendant Glock Ges.m.b.H.

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of *Electronic* Filing to all CM/ECF registrants to the following:

John P. Torgenson, Esq.
Jon T. Drago, Esq.
TORGENSON LAW
333 W. Roosevelt St.
Phoenix, AZ 85003
Telephone: (602) 759-0012
Facsimile: (602) 429-8120
jtorgenson@torgensonlaw.com
jdrago@tordensonlaw.com

and

Shira Feldman, Esq.
BRADY
840 First Street, N.E., Suite 400
Washington, DC 20002
Telephone: (202) 370-8104
sfeldman@bradyunited.org

Attorneys for Plaintiff

By: *s/ Sandy Wickham*